980 F.2d 728
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Wade Dalton GRUBBS, Defendant-Appellant.
 No. 92-5373.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 27, 1992
Decided: November 30, 1992
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Norwood Carlton Tilley, Jr., District Judge. (CR-91-245-WS)
 David B. Freedman, WHITE & CRUMPLER, Winston-Salem, North Carolina, for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 Affirmed.
 Before NIEMEYER, Circuit Judge, and SPROUSE and CHAPMAN, Senior Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Wade Dalton Grubbs was convicted by a jury of carrying or using a firearm in relation to a drug trafficking crime, a violation of 18 U.S.C. § 924(c)(1) (1988). Grubbs contends that the district court erred in denying his motion under Fed. R. Crim. P. 29 for an acquittal, which was made at the close of the evidence. He argues that the government failed to produce sufficient evidence to show that the carrying or use of the firearm was "in relation to" a drug trafficking crime. We affirm the district court's judgment.
 
 
 2
 The standard of review for a denial of a motion for judgment of acquittal is whether, in viewing the evidence in the light most favorable to the prosecution, "there is no sufficient evidence in the record to support the jury's finding that the defendant is guilty beyond a reasonable doubt." United States v. Stockton, 788 F.2d 210, 218 (4th Cir.) (quoting United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir. 1982)), cert. denied, 479 U.S. 840 (1986).
 
 
 3
 In August 1991, Wade Dalton Grubbs sold three ounces of cocaine to a person who had been cooperating with police. The transaction was completed under police surveillance in a restaurant parking lot. After the sale, Grubbs was detained at a police roadblock and his vehicle was searched. During the search, the following items were found under the driver's seat of the vehicle: fourteen grams of cocaine, a bag containing $4200 in marked bills used by the informant to purchase the cocaine, and a loaded .380 semi-automatic pistol wrapped in a rag.
 
 
 4
 Grubbs was charged with three counts of possession with intent to distribute cocaine, four counts of unlawful possession of machine guns, and one count of carrying or using a firearm in relation to a drug trafficking crime in violation of 18 U.S.C.s 924(c)(1). Grubbs pled guilty to all counts except the § 924(c)(1) charge and a jury trial was held on that charge.
 
 
 5
 At the close of the prosecution's evidence, Grubbs moved under Fed. R. Crim. P. 29 for a judgment of acquittal, which was denied by the district judge. Grubbs renewed this motion at the close of all evidence and again it was denied. The jury found Grubbs guilty of a violation of § 924(c)(1). Grubbs was sentenced on the § 924(c)(1) conviction to sixty months imprisonment to run consecutively to the sentence imposed for the other counts and was ordered to pay a special assessment. Grubbs appeals the finding of guilt and the sentence imposed.
 
 
 6
 The sole issue on appeal is whether the district court erred in denying Grubbs's motion for judgment of acquittal under Fed. R. Crim. P. 29. Grubbs contends that the district court should have granted his motion because the prosecution failed to prove how Grubbs carried or used the weapon in relation to a drug crime. He alleges that the weapon found in his vehicle had no relation to the drug transaction because the drug transaction took place in the informant's vehicle rather than his own. Grubbs states the gun was in his truck only for protection.
 
 
 7
 In United States v. Brockington, this Court held that where the defendant was in possession of drugs with the intent to distribute and a firearm was in the vicinity, that evidence, in conjunction with the "common sense recognition" that drug trafficking can be dangerous and violent, was sufficient to support the inference that the defendant used the firearm to facilitate his drug business. United States v. Brockington, 849 F.2d 872, 876 (4th Cir. 1988); see also United States v. Paz, 927 F.2d 176, 179 (4th Cir. 1991); United States v. Smith, 914 F.2d 565, 567-68 (4th Cir. 1990), cert. denied, 59 U.S.L.W. 3563 (U.S. 1991). The situation in Grubbs case is similar to that in Brockington. The drugs and the firearm were in close proximity. Grubbs admits that the firearm was kept for protection. In light of the fact that drug transactions can be dangerous and violent, there is sufficient evidence to support a jury finding of guilt beyond a reasonable doubt. We hold that the district court did not err in denying Grubbs's motion for acquittal because the government had met its burden of proof.
 
 
 8
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED